UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

S.B., individually and on behalf of S.P., a child with a disability.

*Plaintiffs*,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

*Defendant*.

COMPLAINT

Case No.

S.B., individually and on behalf of S.P., a child with a disability, by and through her attorneys, CUDDY LAW FIRM, PLLC, for the complaint hereby alleges:

1. This is an action brought pursuant to the fee-shifting provisions of the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1415(i)(3).

2. Plaintiff S.B. and S.P. reside in the County of Kings, State of New York.

3. S.P. is a child with a disability as defined by IDEA, 20 U.S.C. § 1401 (3)(A).

4. S.B. is the parent of S.P. as defined by IDEA 20 U.S.C. § 1401(23).

5. Defendant New York City Department of Education (Department) is a local educational agency as defined by IDEA, 20 U.S.C. §1401(19), and, as such, is obligated to provide educational and related programs and services to its students in compliance with the applicable federal and state statutes, regulations, and the U.S. Constitution, and is subject to the requirements of 20 U.S.C. § 1400 *et seq*., and the regulations promulgated thereunder.

JURISDICTION AND VENUE

6. Jurisdiction is predicated upon 28 U.S.C. § 1331, which provides the district courts with original jurisdiction over all civil actions arising under the laws of the United States, and upon the fee-shifting provision of IDEA, 20 U.S.C. § 1415(i)(3)(A), which provides that the district courts of the United States shall have jurisdiction of actions brought under section 1415(i)(3) without regard to the amount in controversy.

7. Venue is predicated upon 28 U.S.C. § 1391(b)(1) based upon the residence of the defendant.

FACTUAL BACKGROUND: IMPARTIAL HEARING

8. On March 29, 2019, plaintiff S.B. initiated an impartial due process hearing on behalf of her child S.P., alleging a denial of a free appropriate public education (FAPE) and seeking various relief.

9. S.B. alleged a denial of FAPE during the 2017/18 and 2018/19 school years based on the Department's failure to appropriately evaluate S.P., its failure to respond to the plaintiff's requests for an independent evaluation, its failure to provide S.P. with appropriate services, and its failure to recommend an appropriate educational program.

10. For relief, S.B. requested the Department fund an independent neuropsychological evaluation with a provider of her choosing; the Department conduct an assistive technology evaluation, a vision evaluation, an evaluation to determine if counseling services are appropriate, and a functional behavior assessment; and for the Department to provide make-up related and academic services.

11. The case was assigned Impartial Hearing Office Case Number 182315.

12. Upon the filing of the request for impartial hearing, the Department scheduled a resolution meeting for April 16, 2019.

13. On April 16, 2019, the Department requested that the resolution meeting be rescheduled to April 17, 2019.

14. On April 17, 2019, the Department did not attend the resolution meeting without providing notice of its intent to not attend to the plaintiff or the plaintiff's attorney. The Department failed to offer an explanation as to why it opted to forgo the resolution meeting.

15. The Impartial Hearing Officer held hearing dates on June 11, 2019 and June 24, 2019.

16. The impartial hearing on the merits was held on June 11, 2019; the defendant entered documentary evidence (Exhibits 1-22) into the record and called two witnesses in its defense.

17. The impartial hearing on the merits was held on June 24, 2019, for the plaintiff to present her case; the plaintiff entered documentary evidence (Exhibits A-C, I-M) into the record and called three witnesses to testify regarding the inappropriateness of S.P.'s educational program and the need for additional special education services and evaluations.

18. On November August 15, 2019, the IHO issued a Findings of Fact and Decision (FOFD), ordering the Department to conduct a neuropsychological evaluation of S.P.

## FACTUAL BACKGROUND: APPEAL TO STATE REVIEW OFFICE

19. On September 9, 2019, the plaintiff, through her attorneys, served a Notice of Intention to Seek Review on the Department.

20. On September 24, 2019, the plaintiff served a Notice of Request for Review, Request for Review, and a Memorandum of Law (as a whole, SRO Appeal) on the Department.

21. On September 25, 2019, the plaintiff, through her attorneys, filed a Notice of Request for Review, Request for Review, and a Memorandum of Law with the Office of State Review of the New York State Education Department.

22. In the Request for Review, the plaintiff sought review on the defendant's failure to implement S.P.'s August 2017 Individual Educational Program, the defendant's failure to implement S.P.'s May 2018 Individual Educational Program, the defendant's failure to respond to the plaintiff's request for an independent neuropsychological evaluation, and the IHO's failure to address the plaintiff's request for evaluations to be completed by the Department, including an assistive technology evaluation, vision evaluation, functional behavior assessment, and an evaluation to determine if the S.P. required counseling services, and the parent's request for compensatory academic services.

23. S.B. requested various forms of relief in the SRO Appeal, including a finding of a denial of a free appropriate public education for the 2017/18 and 2018/19 school years; funding for an independent neuropsychological evaluation; an order that the Department conduct the functional behavioral assessment, assistive technology evaluation, vision evaluation, and an evaluation to determine if S.P.

requires counseling; a reconvene of the Committee on Special Education to review the ordered evaluations; and compensatory academic services.

24. In October 2019, the State Review Officer sustained S.B.'s appeal and reversed the FOFD, concluding that the defendant denied S.P. a free appropriate public education during the 2017/18 and 2018/19 school years.

25. The State Review Officer ordered that the defendant fund an independent neuropsychological evaluation, fund four hundred (400) hours of compensatory academic services, and that the defendant conduct an assistive technology evaluation.

26. On April 15, 2020, plaintiff, through her counsel, submitted a demand for attorney's fees to defendant's Special Education Unit Office of General Counsel for case no. 182315.

27. On April 16, 2020, attorney Roslyn Roth ("Roth"), from the Special Education Unit Office of General Counsel was assigned to the matter; Roth never responded to the plaintiff's request for attorney fees.

28. As of the date of this complaint, defendant has failed to settle the attorney's fees in this matter.

CAUSE OF ACTION: CASE NO. 182315

29. Plaintiffs repeat and reallege paragraphs 1 through 28 as if more fully set forth herein.

30. Plaintiff S.B. initiated an impartial hearing on behalf of S.P.

31. Plaintiff S.B. prevailed through appeal to the State Review Office by obtaining a Decision from the State Review Officer ordering the relief requested by plaintiff S.B.

32. There have been TWO HUNDRED TWENTY-THREE (223) days from Plaintiff's fee demand up to the date of this Complaint.

33. As of the date of this Complaint, the prevailing federal prime rate is 3.25%.

34. Plaintiff S.B. having prevailed in the underlying proceedings is hereby entitled to reasonable attorney's fees and costs pursuant to 20 U.S.C. § 1415(i)(3).

35. Plaintiff having received no payment or attempt to resolve the Plaintiff's fee demand as of the date of this Complaint hereby seeks to invoke the Court's discretion to award prejudgment interest at the prevailing federal prime rate.

36. Pursuant to 28 U.S.C. § 1961, Plaintiff seeks postjudgment interest to deter any further delay of payment by Defendant following any judgment rendered in this action.

WHEREFORE, plaintiffs respectfully request that this Court:

a. Assume jurisdiction over this action;

b. Award to plaintiff S.B. the costs, expenses and attorney's fees for the administrative proceedings in the matter of S.P., case no. 182315 and SRO Appeal no. 19-092, pursuant to 20 U.S.C. § 1415;

c. Award to the plaintiffs the costs, expenses and attorney's fees of this action pursuant to 20 U.S.C. § 1415; and

d. Grant such other and further relief as the Court deems just and proper.

*[intentionally blank]*

Dated: Auburn, New York
November 24, 2020

Yours etc.,

s/ Justin M. Coretti
CUDDY LAW FIRM, PLLC
*Attorneys for Plaintiffs*
5693 South Street
Auburn, New York 13021
(315) 370-4020
jcoretti@cuddylawfirm.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

C.M., individually and on behalf of J.M.P.,

Plaintiffs,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

Defendant.

---------------------------------------------------------------- x

20-cv-02217 (PAE) (RWL)

**OFFER OF SETTLEMENT PURSUANT TO 20 U.S.C. § 1415(i)(3)(D)**

1. Pursuant to the fee-shifting provision of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1415(i)(3)(B), by Complaint filed on March 12, 2020 (ECF No. 1), Plaintiffs demanded from Defendant New York City Department of Education ("DOE") an unspecified amount in attorneys' fees, costs, and expenses incurred or accrued in connection with Impartial Hearing Case Nos. 165620 and 170752 ("Hearing") and this action.

2. On or about June 12, 2020, Plaintiff by their counsel, provided a billing statement to counsel for the DOE in the sum of $83,660.06 in full satisfaction of all claims for attorneys' fees, costs, and expenses incurred or accrued in connection with the Hearing and this action, for work performed through May 30, 2020.

3. Pursuant to 20 U.S.C. § 1415(i)(3)(D) and subject to the terms and conditions herein, Defendant New York City Department of Education ("DOE"), by its undersigned counsel, hereby offers to pay Plaintiffs C.M., individually and on behalf of J.M.P., the total sum of FORTY SEVEN THOUSAND DOLLARS ($47,000.00) (the "Settlement Amount"), in full satisfaction of all claims for attorneys' fees, costs and expenses incurred or accrued in connection with the Hearing and this action to the date of this offer.

4. To accept this Offer of Settlement, Plaintiffs must serve a written notice of